## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 25 2017, 9:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric Hollis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 25, 2017

Court of Appeals Case No.
49A02-1607-CR-1550

Appeal from the Marion Superior Court

The Honorable Angela Dow-Davis, Judge

Trial Court Cause No.
49G16-1508-F6-29206

**Robb, Judge.**

# Case Summary and Issue

Eric Hollis pleaded guilty to battery as a Class A misdemeanor and the trial court ordered Hollis to pay $476 in restitution. Hollis now appeals, raising the sole issue of whether the trial court abused its discretion in ordering $476 in restitution. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

On July 27, 2015, Hollis intentionally or knowingly pushed Angella McIntosh, causing injury. McIntosh sought treatment at Eskenazi Hospital in Indianapolis where she underwent X-Rays and a CT scan. Hollis later pleaded guilty to battery as a Class A misdemeanor, and as part of the plea agreement, he agreed to reimburse McIntosh for her medical bills. The trial court accepted the plea, sentenced Hollis to one year in the Indiana Department of Correction with 361 days suspended to probation, and ordered restitution as a condition of probation. At a restitution hearing, McIntosh testified she sought treatment at Eskenazi Hospital for the injuries caused by Hollis, and as a result of the treatment, she received medical bills from the hospital totaling approximately $476, which she has not yet paid. Hollis did not cross-examine McIntosh. The State also admitted notices from a collection agency showing McIntosh owed $216.00 to the Indiana University Radiology Association and $260.00 to the IU Health Indiana Clinic. At the conclusion of the hearing, the trial court ordered Hollis to pay McIntosh $476 in restitution. This appeal ensued.

# Discussion and Decision

[3] Hollis argues the trial court abused its discretion in ordering restitution. Specifically, he argues the State failed to present sufficient evidence to prove McIntosh incurred $476 in medical bills and therefore the trial court's order amounted to mere speculation or conjecture. We disagree.

[4] Indiana Code section 35-50-5-3(a)(2) states a trial court may order a defendant to make restitution to the victim of the crime and shall base its restitution order, in part, upon consideration of medical and hospital costs incurred by the victim as a result of the crime. "The amount of actual loss is a factual matter that can be determined *only* upon the presentation of evidence." *Bennett v. State*, 862 N.E.2d 1281, 1286-87 (Ind. Ct. App. 2007). "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *J.H. v. State*, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011) (citation and internal quotation marks omitted) (describing Indiana Code section 35-50-5-3). We review an order of restitution for an abuse of discretion. *Bennett*, 862 N.E.2d at 1286. A trial court abuses its discretion if its decision is clearly against the logic and effects of the facts and circumstances before it. *Id*.

[5] Here, the State admitted collection notices sent to McIntosh totaling $476 and we acknowledge these notices, when taken alone, may not be sufficient to support a restitution order. However, McIntosh testified she sought treatment from Eskenazi Hospital as a result of her injuries and underwent X-Rays and a

CT scan. She further testified she received medical bills for those services totaling approximately $476, which she has not yet paid. Hollis could have cross-examined McIntosh as to whether she had previously visited Eskenazi Hospital or any IU Health Hospital, and if so, whether those visits could have given rise to the collection notices she received, but he chose not to. McIntosh's testimony, coupled with the collection notices admitted into evidence, afforded the trial court a reasonable basis for estimating McIntosh's loss and we therefore conclude the trial court did not abuse its discretion in ordering Hollis to pay $476 in restitution.

## Conclusion

The trial court did not abuse its discretion in ordering Hollis to pay $476 in restitution. Accordingly, we affirm.

Affirmed.

Kirsch, J., and Barnes, J., concur.